UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MIZE,<br><br>Defendant. | No.  1:19-cr-00153-DAD<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE AND FOR A REDUCTION OF SENTENCE<br><br>(Doc. Nos. 192, 203, 217) |

On September 5, 2023, defendant Michael Mize filed a *pro se* motion for compassionate release.  (Doc. No. 192.)  On October 23, 2023, the court appointed counsel on behalf of defendant in connection with the motion and on December 22, 2023, his counsel filed a supplement to defendant's motion for compassionate release or modification of sentence.  (Doc. Nos. 198, 203.)  On April 25, 2024, counsel for defendant filed an amended supplement to the pending motion.  (Doc. No. 217.)  On June 13, 2024, the government filed its opposition to defendant's motion.  (Doc. No. 223.)  On June 20, 2024, defendant's counsel filed a reply in support of his motion.  (Doc. No. 227.)  On February 28, 2025, defendant filed still more supplemental documents in support of the pending motion.  (Doc. Nos. 234, 235.)  Finally, on June 18, 2025, defendant's counsel filed a motion to expedite the court's ruling on the pending motion.  (Doc. No. 241.)

1

In his motion, defendant Mize argues that "extraordinary and compelling" reasons support the reduction of his sentence to time served and his release from confinement. For the reasons explained below, defendant's motion will be denied.

## BACKGROUND

On March 14, 2022, defendant Mize entered a plea of guilty to the charge of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) as charged in Count Five of the indictment. (Doc. No. 154.) On August 1, 2022, he was sentenced to the custody of the U.S. Bureau of Prisons ("BOP") for a term of 120 months, to be followed by a 60-month term of supervised release. (Doc. Nos. 175, 176.)[1]

Defendant Mize argues that a combination of "extraordinary and compelling" reasons now support the reduction of his sentence to one of time served, pointing to the following circumstances: (1) the conditions of his confinement including those related to the COVID-19 pandemic and what defendant characterizes as "abuse by [prison] staff"; (2) his cooperative post-arrest behavior; (3) his multiple health issues in addition to having contracted COVID while imprisoned, including depression, anxiety, asthma, chronic obstructive pulmonary disease (COPD) and hepatitis C; (4) his advanced age (now 67); (5) his good conduct while serving his sentence and his efforts toward rehabilitation; (6) his low risk of recidivism and programming progress; and (7) he is the only available caregiver for his mother who is in her mid-80s, suffers from cancer and has now progressed to the point of being in hospice care. (*See* Doc. Nos. 192 at 1–2; 203 at 13–17; 217 at 10, 14–19; 227 at 4–5,7; 234 at 2; and 241.)

Defendant Mize is currently serving his sentence at FCI La Tuna and his projected release date is reported to be January 1, 2028. Thus, as of the date of this order he has a little more than 29 months left to serve on his 120-month sentence.

/////

/////

---

[1] The Presentence Report prepared in defendant's case calculated his advisory sentencing guideline range to call for a sentence of between 262 and 327 months in prison. (Doc. No. 172-1 at 1.)

2

**LEGAL STANDARD**

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("the FSA"), motions for compassionate release could only be filed by the BOP. 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that–
>
> (i)   extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).

A reduction in sentence "must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement." *United States v. Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024). "The U.S. Sentencing

Commission issued a policy statement for reduction of a sentence under § 3582(c)(1)(A)(i) in its November 1, 2023 Guidelines Manual." *United States v. Simpson*, No. 3:97-cr-02903-BTM, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024). The policy statement provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a).

The policy statement further addresses "what qualifies as 'extraordinary and compelling reasons' to release a defendant from BOP custody." *United States of America v. Quentin Jackson*, No. 1:06-cr-00134-JLT-1, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13); *see also United States v. Inchaurregui*, Case No. 22-cr-02528-BAS-2, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons . . . ."). These extraordinary and compelling reasons are: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant as victim of abuse; (5) other reasons presented by defendant alone or in combination with the foregoing reasons, of similar gravity to the foregoing reasons; and (6) defendant's unusually long sentence. *Id.*; *see also United States v. Fernandez*, No. 5:13-cr-00527-EJD-1, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025) ("The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13. The statement provides six general circumstances that may constitute an extraordinary and compelling reason for compassionate release . . . .").

"Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons." *United States v. Gaitan-Ayala*, No. 07-cr-00268-JMS-1, 2024 WL 3316295, at *2, n.3 (D. Haw. July 5, 2024) (citing cases); *see also United States v. Evans*, 759 F. Supp. 3d 1247, 1267 (S.D. Fla. Dec. 10, 2024) (recognizing that "[t]hus, in drafting § 1B1.13(b)(5), the Commission's express aim was to purposefully empower judges to exercise broad discretion, and decide on a case-by-case basis whether the catch-all provision should be applied to a particular sentence") (citing cases); *United States v. Evans*, No.

4

15-cr-00462-JKB, 2025 WL 1347054, at *3 (D. Md. May 8, 2025) ("This 'catchall' provision 'maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release.'"). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Likewise, the defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Greenhut*, No. 2:18-cr-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-00250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

## ANALYSIS

As district courts have summarized, in analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Third, the district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." *Id*.

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 16-cr-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 973–74 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third

/////

factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in § 3553(a)).

**A.    Administrative Exhaustion**

In this case it is undisputed that defendant Mize has satisfied the exhaustion requirement imposed by 18 U.S.C. § 3582(c)(1). (Doc. No. 223 at 2.)

**B.    Extraordinary and Compelling Reasons**

As stated, "extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." U.S.S.G. § 1B1.13(b)(1)–(6). The court has summarized above the grounds upon which defendant Mize argues in the pending motion that his compassionate release is warranted based upon what he contends are extraordinary and compelling reasons. (*See* Doc. Nos. 192 at 1–2; 203 at 13–17; 217 at 10, 14–19; 227 at 4–5,7; 234 at 2; and 241.)

The government opposes the pending motion, arguing that the circumstances defendant bases his motion upon are not extraordinary and compelling and, even if they were, consideration of 18 U.S.C. § 3553(a) weighs heavily against the granting of the requested relief in this case. (Doc. No. 223.) Specifically, the government argues that defendant Mize has failed to demonstrate that his medical conditions would justify the granting of compassionate release nor that those conditions are not being effectively treated by the BOP. (*Id*. at 2–4.) The government also argues that despite the unfortunate circumstances regarding the failing of health of his mother, defendant Mize has failed to adequately show that his family is unable to provide the necessary care for his mother in his absence. (*Id*. at 5.) Next, the government argues that defendant's claim of rehabilitation during his imprisonment fails to provide a basis for the granting of compassionate release because rehabilitation is not an extraordinary and compelling reason. (*Id*. at 5–6; *see also* U.S.S.G. § 1B1.13.) Finally, the government contends that consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a) strongly weigh against any reduction in defendant's very reasonable 120-month sentence in light of his extensive criminal history comprised of 13 prior adult felony convictions, his 30-year association with the Hells

1    Angels and the serious and dangerous criminal conduct engaged in which resulted in his

2    conviction in this case. (*Id.* at 7.) Each of the government's arguments are well-taken.

3          When it sentenced defendant Mize on August 1, 2022, the court was fully aware of many

4    of the circumstances upon which he relies now in support of his motion for compassionate

5    release, including his age, the fact that he had been and would be incarcerated as the country

6    continued to deal with the COVID-19 pandemic, and several of his health conditions. The court

7    fully took those circumstances into consideration in imposing the 120-month sentence of

8    imprisonment. Moreover, defendant Mize's rehabilitative efforts while serving his sentence are

9    not alone sufficient to support a request for compassionate release.

10         The primary factor of which the court was not aware at the time of defendant's

11   sentencing, and upon which he now relies in seeking compassionate release, is his assertion that

12   he is the only available caregiver for his now terminally ill mother. However, based upon the

13   showing made defendant, the court is not persuaded that this very unfortunate circumstance and

14   current need for hospice care supports his request for release. In this regard, defendant Mize has

15   submitted the declarations of his half-sisters who state that they are unable to provide the

16   necessary care for their mother because of the demands of their jobs. (Doc. Nos. 217-3, 217-4.)

17   While the court certainly has sympathy for defendant and his family due to these difficult

18   circumstances, this showing is not sufficient to support his request for a significant reduction in

19   his sentence and immediate compassionate release from custody. *See United States v. Simmons*,

20   No. 1:14-cr-20628, 2025 WL 1189988, at *6 (E.D. Mich. Apr. 24, 2025) (denying compassionate

21   release, noting that "at least two other family members are literally 'available' and recognizing

22   that while "their care may not be the most feasible," the "'[t]he availability, not the feasibility, of

23   that care . . . is what this Court considers most important in assessing' extraordinary and

24   compelling reasons for compassionate release") (quoting *United States v. Hanner*, No. 1:07-cr-

25   10028-01, 2023 WL 159009, at *4 (W.D. La. Jan. 11, 2023)); *United States v. Shabazz*, No. 17-

26   cr-00043-JDB, 2021 WL 4306129, at *1–2 (D.D.C. Sept. 22, 2021) (denying a motion for

27   compassionate release, observing that although "not ideal," it was "possible" for either the

28   defendant's mother to move to South Carolina or the defendant's sister to move to New York to

ensure care" and that these possibilities, no matter how impractical, "undermine[d]" the argument that the defendant was his mother's only available caregiver); *United States v. Irizzary*, No. 14-cr-00652-13, 2021 WL 735779, at *8 (E.D. Pa. Feb. 25, 2021) (denying compassionate release noting that in similar cases involving the mother of a defendant needing care, courts had concluded that while family members other than the defendant "may not have felt equipped to care for the mother due to other obligations, we found they did not demonstrate they were incapacitated or otherwise physically unable to care for her").

**C.     § 3553 and Other Relevant Factors**

Finally, any relief to be granted pursuant to 18 U.S.C. § 3582(c)(1)(A) must be consistent with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Parker*, 461 F. Supp. 3d at 979. The government persuasively focuses on the seriousness of defendant's offense of conviction and extensive prior criminal history in contending that consideration of the § 3553(a) factors do not support the granting of the requested relief in this case. (Doc. No. 223 at 6–8.) The court agrees, finding that consideration of the § 3553(a) factors here also weighs against the granting of the pending motion.

**CONCLUSION**

For the reasons discussed above, defendant Mize's motion to Expedite Ruling (Doc. No. 241) is GRANTED and his motion for Compassionate Release or a Reduction in Sentence (Doc. No. 192) is DENIED.

IT IS SO ORDERED.

Dated:   **July 21, 2025**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE